IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02264-RMR-SBP

ESTATE OF JESUS LAM,

    Plaintiff,

v.

LOUIS A. ESTRADA, in his individual capacity, and
MARY M. MCIVER, in her individual capacity,

    Defendants.

**ORDER TO SHOW CAUSE**

**Susan Prose, United States Magistrate Judge**

    This matter is before the court sua sponte after Defendants recently raised a question concerning the existence of jurisdiction in this court.

    As background, on June 24, 2025, counsel for Plaintiff filed a Statement Noting Death, reporting that Plaintiff Jesus Lam died on May 18, 2025. ECF No. 63. That same day, counsel filed an Amended Unopposed Motion for Substitution of Party under Fed. R. Civ. P. 25, requesting substitution of the Estate of Jesus Lam as Plaintiff. ECF No. 65. The court granted that motion on August 22, 2025, and directed that the Estate be substituted as Plaintiff. ECF No. 70.

    On November 27, 2025, the court ordered the parties to submit the arrest warrant affidavit underlying Mr. Lam's criminal case in connection with the court's evaluation of Defendants' motion to dismiss (ECF No. 50). *See* ECF No. 71. Both sides complied. *See* ECF Nos. 72, 73. Defendants' restricted filing, however, did more than provide the requested affidavit. It also asserted what Defendants described as an "ongoing concern *regarding the Court's jurisdiction*," ECF No. 73 at 1 (emphasis added), and contended that although the Rule 25 motion stated that Mr. Lam's parents were successors in interest, no evidence had been submitted

demonstrating that "one or both of them has been appointed as the personal representative of the Estate per C.R.S. § 15-12-103[.]" *Id.* ¶ 4.

Although Defendants label their jurisdictional concern as "ongoing," the December 2, 2025 filing was the first time the issue was brought to the attention of this court. The court therefore construes ECF No. 73 as containing an embedded motion questioning whether the substitution of the Estate as Plaintiff has been properly effectuated and whether the Estate is currently represented by anyone with legal authority to prosecute this action. If the answer to either inquiry is no, jurisdiction may be lacking in this court.

In light of the potential jurisdictional implications associated with Defendants' newly-raised "ongoing concern," the court set the matter for a status conference, instructing the parties that they

> should be prepared to discuss the status of any estate or probate proceedings, including whether a personal representative has been appointed for the Estate of Jesus Lam, and what, if any, additional steps are necessary to confirm the Estate's standing to prosecute this action.

December 8, 2025 Order. The court held the telephonic status conference on December 10, 2025. Counsel for all parties appeared, and a relative of the decedent participated by telephone.[1] However, despite the court's explicit instruction in the order setting the status conference, counsel for both sides were unprepared to address the foundational questions of standing and this court's jurisdiction—including the precise status of the probate proceedings, whether a duly-appointed personal representative exists, and what steps are required to ensure that the proper party with legal authority to proceed is before this court. Plaintiff's counsel advised only that an "informal" application for appointment of co-personal representatives had been filed in the Denver Probate Court on December 8, 2025 (*Estate of Jesus Lam*, Case No. 25-PR-31534[2]), just two days before the status conference.

---

[1] Notably, the relative on the phone line—identified as a sister of the decedent—was not one of the individuals who are the proposed co-personal representatives for the Estate.

[2] Following the December 10, 2025 status conference, the court attempted to locate the docket for *Estate of Jesus Lam*, Case No. 25-PR-31534, through publicly available Denver Probate

Upon further reflection following the status conference, the court is not satisfied that counsel for Plaintiff adequately addressed the threshold question of whether the Estate has standing to bring the claims raised in this action and, therefore, whether this case may properly proceed in this court before the appointment of a personal representative for Mr. Lam's estate in the Denver Probate Court matter. To be sure, counsel for the parties' indicated that their clients would not object to the court proceeding to take action in this matter, including by issuing a recommendation on the pending motion to dismiss. However, the court cannot take that action— or any other—if jurisdiction is lacking. *See, e.g.*, *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980) ("A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties."); *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe, New Mexico*, 993 F.3d 802, 813 n.5 (10th Cir. 2021) ("The issue of Article III standing implicates federal jurisdiction and is a matter this court *must* consider *sua sponte*.") (emphasis in original); *Colorado Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 542, 543 n.5, 555 (10th Cir. 2016) (remanding case to district court to dismiss for lack of jurisdiction where district court proceeded to assess the merits of a case based on "some generous assumptions" about jurisdiction, and emphasizing that a ruling based on incorrect assumptions about jurisdiction "is no ruling at all").

At bottom, Plaintiff has not met its burden to show that it has standing to raise the claims it seeks to bring in this case. *See Colorado Outfitters*, 823 F.3d at 544. It may be that it can do so; the court expresses no opinion on the ultimate disposition of that question. It would have been preferable for Defendants to have raised their "ongoing concern" about this possible jurisdictional deficit sooner, but they did not, and "[a]s a jurisdictional requirement, standing to litigate cannot be waived or forfeited." *Virginia House of Delegates v. Bethune-Hill*, 587 U.S. 658, 662-63 (2019). Therefore, this court has no choice but to address the question now and to ensure that Plaintiff can "explain how the elements essential to standing are met." *Id.* at 663. In

---

Court records. No results were returned for that case number, nor did a search of all Denver Probate Court probate matters for the party name "Jesus Lam" yield any record.

the meantime, until jurisdiction is confirmed, the court must refrain from issuing a recommendation on the pending motion to dismiss, which it had been prepared to do.

Accordingly, it is **ORDERED** that, on or before **January 2, 2026**, Plaintiff shall **show cause**, in writing, why this action should not be dismissed without prejudice for lack of jurisdiction—including for lack of standing to pursue the claims raised in this action.[3]

DATED: December 11, 2025            BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[3] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").